UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )
                              )
        Plaintiff,            )      No. CR 3-06-70819 BZ
                              )
    v.                        )      **DETENTION ORDER**
                              )
JERONIMO MADRIZ-REYNA,        )
                              )
        Defendant.            )
_____)

This matter came before the Court on December 29, 2006, for a detention hearing.  The defendant, Jeronimo Madriz-Reyna, was present and represented by H. Ernesto Castillo. Assistant United States Attorney Dennis Nerney appeared for the United States of America.

Pretrial Services submitted a report that recommended detention.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers and the Pretrial Services Report, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk, and that no conditions of release will reasonably assure his appearance.  In so finding, I have

1

considered the following factors:

1. Given that defendant faces charges of violating 21
   U.S.C. 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C.
   846, it is presumed, subject to rebuttal, that "no
   condition or combination of conditions will
   reasonably assure the appearance of the person as
   required and the safety of the community."  See 18
   U.S.C. §§ 3142(e) & (g)(1).  Defendant failed to
   submit evidence to dispel the presumption as to
   flight risk.

2. The defendant is charged with offenses that carry
   substantial minimum and maximum sentences, giving
   defendant an incentive to flee.

3. Although defendant demonstrated some ties to the
   community, he maintains substantial ties to Mexico.

4. Defendant's apparent and unexplained wealth suggests
   he may have the means to finance flight.

5. Defendant's education and employment history suggest
   that his apparent wealth may be a product of ill-
   gotten gain.

6. The evidence against him is strong, and given the
   nature of the offense and his legal status, he may
   be deported to Mexico if convicted.

7. Defendant's proposal to post a number of properties
   owned by him and by another individual does not
   assure me that he will not flee given the limited
   amount of equity in the properties and given the
   fact that several are rental properties.

1    Therefore, **IT IS HEREBY ORDERED** that:

2    1.   The defendant be, and hereby is, committed to the

3         custody of the Attorney General for a confinement in

4         a corrections facility separate, to the extent

5         practicable, from persons awaiting or serving

6         sentences or being held in custody pending appeal;

7    2.   The defendant be afforded reasonable opportunity for

8         private consultation with his counsel; and

9    3.   On order of a court of the United States or on

10        request of an attorney for the government, the

11        person in charge of the corrections facility in

12        which the defendant is confined shall deliver the

13        defendant to an authorized Deputy United States

14        Marshal for the purpose of any appearance in

15        connection with a court proceeding.

16   Dated: January 3, 2007

17

18                    Bernard Zimmerman
                  United States Magistrate Judge

19   G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\Madriz-Reyna.wpd

20

21

22

23

24

25

26

27

28