United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  USA,                                    No. CR 07-00004 CRB
                                            C 10-01302 CRB
12                 Plaintiff,
                                            **ORDER DENYING MOTION TO
13      v.                                  VACATE JUDGMENT AND
                                            REQUEST FOR CERTIFICATE OF
14  MADRIZ-REYNA,                           APPEALABILITY**
15                 Defendant.
    _____/
16
17          On September 13, 2010, Defendant/Petitioner Madriz-Reyna moved this Court for an
18  Order relieving him from a final judgment following a denial of his Petition for Habeas
19  Corpus.  (Dkts. 146, 148).  He has also filed a request for a Certificate of Appealability
20  ("COA").  For the reasons that follow, Petitioner's Motion to Vacate Judgment is DENIED,
21  as is his request for a COA.
22  **I.      BACKGROUND**
23          On January 4, 2007, Petitioner was indicted on four Counts related to drug-trafficking
24  activity.  Approximately one year later, he entered into an open guilty plea to all four Counts
25  and was ultimately sentenced to a 188-month term of imprisonment.  On March 22, 2010,
26  Petitioner (proceeding *pro se*) filed a Motion pursuant to 28 U.S.C. § 2255.  This Court
27  denied the § 2255 Motion in an Order dated August 19, 2010.  Dkt. 144.  On September 13,
28  2010, Petitioner filed an Omnibus Motion to Vacate Judgment, which is presently before the
    Court.

**United States District Court**
For the Northern District of California

## II.     LEGAL STANDARD

Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A judge should grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 484.

## III.     DISCUSSION

### A.     Petitioner's Rule 60(b) Motion is a Successive Habeas Petition Which He Has Not Received Permission to File

Petitioner's Rule 60 Motion is a successive habeas petition because, in substance, Petitioner simply re-argues the merits of his section 2255 Petition.  See Vargas v. United States, Nos. CV F 04-5746 AWI, CR F 02-5050 AWI, 2009 WL 649777, at *2 (E.D. Cal. Mar. 11, 2009).

Pursuant to 18 U.S.C. § 2255(e), a district court shall not entertain "a motion pursuant to this section if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief . . . ."  Thus, this Court

2

**United States District Court**
For the Northern District of California

1   must determine whether Petitioner's Rule 60 Motion asserts a substantive challenge to the

2   legality of his detention and whether this Court has previously denied that challenge.

3         The substance of Petitioner's Motion concerns whether this Court had jurisdiction

4   over him, whether he qualifies for an actual innocence exception excusing procedural

5   default, and whether his guilty plea is valid.  These are the same claims and arguments he

6   made to this Court in his section 2255 Petition.  The Court addressed and rejected those

7   arguments in its August 19, 2010 Order.  Dkt. 144.  Accordingly, Petitioner's Rule 60

8   Motion is a successive habeas petition.  Id. (citing Thompson v. Calderon, 151 F.3d 918, 921

9   (9th Cir. 1998)).

10        Because Petitioner has filed a successive habeas petition, this Court must apply certain

11  provisions of the Antiterrorism and Effective Death Penalty Act.

12        A second or successive motion must be certified as provided in section
          2244 by a panel of the appropriate court of appeals to contain-
13
          (1) newly discovered evidence that, if proven and viewed in light of the
14        evidence as a whole, would be sufficient to establish by clear and
          convincing evidence that no reasonable fact finder would have found
15        the movant guilty of the offence; or

16        (2) a new rule of constitutional law, made retroactive to cases on
          collateral review by the Supreme Court, that was previously
17        unavailable.

18  18 U.S.C. § 2255.

19         Absent an order from the Ninth Circuit, this Court cannot consider the second or

20  successive habeas petition.  See 18 U.S.C. § 2244(b)(3).  In fact, this Court must dismiss any

21  second or successive habeas claim where, as here, the conditions of section 2244 are not

22  met.  United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).  The instant Rule 60 Motion

23  contains no indication that Petitioner has sought or obtained permission to file a successive

24  habeas petition.

25

26

27

28

United States District Court
For the Northern District of California

Accordingly, Petitioner's Motion pursuant to Rule 60(b) is deemed a second or successive motion pursuant to section 2255 and is DENIED for the reasons discussed above.[1]

### B.      Petitioner is Not Entitled to COA

Petitioner is not entitled to a COA because he has not made a substantial showing of the denial of a constitutional right or shown how "reasonable jurists would find [this] [C]ourt's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Petitioner argued in his section 2255 Motion that his lawyers acted ineffectively and that this excused his procedural default in raising certain other claims, including that (1) 21 U.S.C. § 841 must be stricken in its entirety under Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) that the government acted outrageously in violation of his due process rights. As this Court has already explained, Petitioner's counsel was not ineffective in any respect. The Ninth Circuit has already addressed and rejected Petitioner's Apprendi argument, and there is no evidence of actual innocence or outrageous government conduct. See August 19, 2010 Order.

---

[1]  Assuming, *arguendo*, that Petitioner's Rule 60 Motion is not a successive habeas petition, it is still without merit. Neither of the two bases upon which Petitioner claims this Court should grant Rule 60 relief is valid.

To the extent he is arguing that he made a claim of actual innocence that this Court failed to address in its Order denying his section 2255 Petition, that argument is wrong for two reasons. First, Petitioner's "actual innocence" argument in connection with his 2255 Petition was really a recasting of his "jurisdictional" and constitutional argument concerning the alleged invalidity of the statute under which he was charged. The Court addressed and rejected those constitutional and "jurisdictional" arguments on the merits. Second, the Court noted in the August 19, 2010 Order denying the 2255 petition that "Petitioner does not appear to be making a claim of actual innocence and in any case has provided no evidence to support such a claim." Aug. 19, 2010 Order (Dkt. 144) at 3 n.3 (emphasis added). The Court did not mistakenly ignore an actual innocence claim. Rather, it found the claim, assuming it was raised, to be without factual basis.

Petitioner also asserts that "he is challenging [] the fact that there is an abuse of discretion" in denying him a COA before he sought one. Mot. to Vacate Judgment (Dkt. 146) at 12. But this Court did no such thing. Petitioner has applied for a COA contemporaneously with this Rule 60 Motion. The Court simply did not address the propriety of a COA in its August 19, 2010 Order.

4

1        Accordingly, there is no basis for a COA.

2        **IT IS SO ORDERED.**

3

4

5

6        Dated: September 23, 2010

         _____
         CHARLES  R. BREYER
         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California